FILED
SUPERIOR COURT
OF GUAM

2024 APR 30  AM 10: 11

CLERK OF COURT

BY:_____

## IN THE SUPERIOR COURT OF GUAM

PEOPLE OF GUAM,                )    CRIMINAL CASE NO. CF0324-20-01
                              )
        vs.                    )
                              )    DECISION AND ORDER
JUANITA ASHLEY VILLENA         )    RE. REVOCATION OF ADULT
QUITUGUA,                      )    DRUG COURT FINE BALANCE;
DOB: 03/02/1984                )    ELIGIBILITY FOR GRADUATION
                              )    FROM ADULT DRUG COURT
                Defendant.     )
_____ )

This matter is before the Honorable Judge Maria T. Cenzon on Defendant Juanita Ashley Villena Quitugua's ("Defendant") Motion to Revoke Fine (the "Motion"). Alternate Public Defender Ana Maria C. Gayle represents Defendant. The People are represented by Assistant Attorney General Kristine Borja. No formal Opposition or Non-Opposition was filed by the People, who did not object to the Defendant's request in light of her exemplary performance and success in the Adult Drug Court II program and her financial condition as set forth in the Def's Declaration In Support of Motion to Revoke Fine filed on January 18, 2024. However, the People left it to the sound discretion of the Court to determine whether to revoke the remaining fine balance of $830.00, which is the only condition remaining pursuant to her Plea Agreement and conditions of probation.

With respect to the Court's authority to revoke the fine as originally imposed, the Court turns to 9 G.C.A. § 80.58, which provides as follows:

> An offender who has been sentenced to pay a fine and who is not in contumacious default in the payment thereof may at any time petition the court which sentenced

him for a revocation of the fine or of any unpaid portion thereof. If it appears to the satisfaction of the court that the circumstances which warranted the imposition of the fine have changed, or that it would otherwise be unjust to require payment, the court may revoke the fine or the unpaid portion thereof in whole or in part.

As set forth in *People v. Quinata*, 2010 Guam 17 ¶ 55, "… the trial court can make any monetary adjustments that are required by the evidence presented." *See also, People v. Acosta*, 2022 Guam 11, ¶ 77 (Guam Dec. 19, 2022). Moreover, although *People v. Quinata* holds that 8 GCA § 80.52 requires an "evidentiary hearing before imposition of a fine to determine whether the individual has the financial means to pay," *Quinata* at ¶¶ 50-55, the Supreme Court does not appear to require a trial court to hold a hearing separate and apart from a change of plea or sentencing hearing solely for the purpose of determining an individual's financial means to pay a fine, or to require the submission of tax returns, pay check stubs, certificates of unemployment or even detailed testimony from several witnesses regarding an individual's financial means to pay. Instead, the requirements of the evidentiary hearing are met if the defendant is afforded "the opportunity to present evidence and argument on his ability to pay." *Id.*

In this particular case, the Defendant has an exemplary record of compliance with the stringent requirements of the Adult Drug Court, with the exception of the payment of the "non-convertible" portion of the original Five Thousand Dollar ($5,000.00) fine which was a provision of her Plea Agreement.[1] The Court finds compelling the information contained in her Declaration coupled with her success in treatment, her continued gainful employment in two jobs, maintenance of a stable and appropriate home for herself and her four minor children and one grandchild

---

[1] Neither the People nor Defense Counsel could pinpoint any statutory provision mandating that any portion of the $5,000.00 fine be "non-convertible" to community service. As such, the Court's decision herein is not a departure from any mandatory sentence under the applicable law.

sufficient to find changed circumstances warranting a revocation of Defendant's remaining fine balance of $830.00.

For the reasons set forth herein and applicable only to the instant case, the Court hereby **REVOKES** the *remaining* fine balance of $830.00. The Court cautions that the unusual circumstances presented herein and Defendant's continued compliance with the treatment program provided through the Adult Drug Court compel the findings of the Court herein. The Court's ruling herein is unique to Defendant's circumstances and should not be interpreted as precedent for all ADC cases in which a Defendant simply finds him or herself unable or unwilling to comply with his/her obligation to pay the fine.

**IT IS HEREBY ORDERED** that the remaining fine balance of $830.00 is hereby **REVOKED in its entirety.**

Defendant shall be eligible for graduation from ADC II at the earliest practicable date.

SO ORDERED this 30th day of April, 2024.

**HONORABLE MARIA T. CENZON**
**Judge, Superior Court of Guam**

**SERVICE VIA E-MAIL**
I acknowledge that an electronic
copy of the original was e-mailed to:
AG, APO

4/30/24  10:15am
Date  Time
Antonio Car
Deputy Clerk, Superior Court of Guam